# THE ATTORNEY GENERAL
# OF TEXAS



**WILL WILSON**
**ATTORNEY GENERAL**

January 29, 1960

Mr. D. C. Greer
State Highway Engineer
State Highway Building
Austin, Texas

Dear Mr. Greer:

Opinion No. WW-790

Re: Whether the provision in the
Appropriation Bill (H.B. 4,
56th Leg., 3rd Called Session,
1959), authorizing service and
safety awards, and transporta-
tion to receive them, is con-
stitutional.

   Your request for an opinion from this office concerns the follow-
ing question:  Is the State Highway Commission authorized to award pins and
certificates for longevity of service and safety award pins and certificates
for safe operation of State equipment, and to authorize the transportation
of an employee with twenty-five years or more of service from designated
headquarters to Austin to receive such longevity award?

   The General Appropriation Bill to the Texas Highway Department
provides in House Bill 4, Acts of the 56th Legislature, Third Called Session,
1959, Chapter 23, page 442 at 590, as follows:

> "As compensation in addition to that authorized
> to be paid above, the Highway Department is author-
> ized to purchase and give to its employees at period-
> ic intervals, under such rules and regulations as
> have been or may be adopted by the State Highway Com-
> mission, service award pins and certificates for
> longevity of service and safety award pins and cer-
> tificates for safe operation of state equipment; and
> the Department is also authorized as further additional
> compensation to provide, at state expense, for the
> transportation of employees with 25 years or more of
> service from their designated headquarters to Austin
> and return at intervals of not less than 5 years for
> the purpose of appearing before the State Highway Com-
> mission to receive said longevity service awards."

   Section 51 of Article III of the Constitution of Texas provides,
in part, as follows:

> "The Legislature shall have no power to make any
> grant or authorize the making of any grant of public

moneys to any individual, association of indi-
viduals, municipal or other corporations whatso-
ever . . ."

The constitutional provision quoted above, prohibits "gratuitous
disposition of the state's money, property, or contractual rights." Rhoads
Drilling Company v. Allred, 123 Tex. 229, 70 S.W.2d 576 (1934); Friedman v.
American Surety Company of New York, 137 Tex. 149, 151 S.W 2d 570 (1941).
However, it is clear that the Legislature is not relegated to compensating
employees only by yearly or monthly sums of money. It is permissible to
include other items as a portion of an employee's compensation. Examples
are readily found where certain employees receive housing, laundry, maid
service, etc. We are not faced with the same considerations involved in
Attorney General Opinion WW-153 (1957) because we here have a specific le-
gislative appropriation establishing these awards as part of the eligible
employees' compensation. Senate Bill 43, Acts 56th Legislature, Third Called
Session, 1959, Chapter 85, page 144, is the general law setting salaries
and compensation of state employees at the amount established in the General
Appropriation Bill. In our opinion, the awards in question are perquisites
of employment directly related to and in payment of the eligible employees'
service to the state. They, therefore are not prohibited gratuities with-
in the meaning of Section 51 of Article III of the Constitution of Texas.

It remains to determine whether such awards are prohibited by
Sec. 44 of Article III of the Constitution of Texas. Said section reads
as follows:

"Sec. 44. The Legislature shall provide by law
for the compensation of all officers, servants, agents
and public contractors, not provided for in this
Constitution, but shall not grant extra compensation
to any officer, agent, servant, or public contractors,
after such public service shall have been performed or
contract entered into, for the performance of the
same; nor grant, by appropriation or otherwise, any
amount of money out of the Treasury of the State, to
any individual, on a claim, real or pretended, when the
same shall not have been provided for by pre-existing
law; nor employ any one in the name of the State, unless
authorized by pre-existing law. (Emphasis added.)

In our opinion the awards in question are not prohibited by the
above quoted constitutional provision. Just because the awards are based
on the length of the employee's service, it does not follow that the awards
are "additional compensation" in payment for past service after such service
has been performed. It is within the discretion of the Legislature to deter-
mine that a state employee is more valuable to the State today because of
his experience gained by long and faithful past performance. This is the

very foundation of longevity payments authorized for various state employees. Of course, if an award were to be attempted from public funds to a former employee no longer connected with the State, Sections 44 and 51 of Article III would prohibit the same. It is an entirely different matter, however, to recognize a current employee's experience record and to increase his present and future compensation accordingly. The Legislature has seen fit to provide a portion of that increased compensation in the form of the awards and presentations in question. We find no constitutional prohibition to this most worthy recognition.

## SUMMARY

The Texas Highway Department has authority to purchase longevity and service award pins and certificates, and to pay the expenses incurred in traveling from different points in Texas for the purpose of receiving such awards, there being a specific appropriation for such purpose.

Very truly yours,

WILL WILSON
Attorney General of Texas

By Tom I. McFarling
Tom I. McFarling
Assistant

TIM:aw

APPROVED:

OPINION COMMITTEE

James H. Rogers, Chairman
Houghton Brownlee
R. V. Loftin, Jr.
Morgan Nesbitt

REVIEWED FOR THE ATTORNEY GENERAL
BY:
Leonard Passmore